IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIMOTHY LEE STYLES** | * | |
| | * | |
| **v.** | * | Civil Action No. CCB-18-125 |
| **DEPARTMENT OF PUBLIC SAFETY** | * | |
| **AND CORRECTIONAL SERVICES** | * | |

**MEMORANDUM AND ORDER**

On July 18, 2018, the Court dismissed this case following the plaintiff Timothy Lee Styles's failure to oppose or otherwise respond to the defendants' motion to dismiss, or alternatively, motion for summary judgment. The court's July 18, 2018, order noted Mr. Styles's lack of response to the defendants' motion, but also found that the complaint failed to state a claim and that the defendants would be entitled to qualified immunity.

On August 1, 2018, Mr. Styles filed his motion for reconsideration and for leave to file an amended complaint. The motion has been fully briefed. Having reviewed the parties' memoranda, the court determines that the motion should be denied.

While the plaintiff failed to cite a legal basis for reconsideration in his recent motion, the court will assume he relies on Rule 59(e) of the Federal Rules of Civil Procedure, which permits parties to request alteration of a judgment within 28 days after the judgment's entry.[1] Mr. Styles has failed, however, to articulate an intervening change of controlling law, the discovery of previously unavailable evidence, or a need to correct a clear error or prevent manifest injustice which would warrant reconsideration. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010) (internal citation omitted). Insofar as the plaintiff's counsel's personal and

---

[1] In his response to the defendants' opposition to the motion for reconsideration, Mr. Styles invokes both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Given that the motion was filed within 28 days of the court's judgment, the court need not consider the motion pursuant to Rule 60(b). *See Robinson*, 599 F.3d at 411–12.

professional matters may have prevented him from timely filing a response to the motion to dismiss, they do not explain his failure to seek leave of the court or to notify the court of the defendants' consent for an extension of time to file a response to the motion.

Even if the court were inclined to grant the plaintiff's request for reconsideration, the plaintiff's proposed amendments to the complaint would be futile. Importantly, at no point in these post-judgment proceedings has the plaintiff proposed any avenue that would permit the court to disregard the defendants' qualified immunity, which the court cited as its basis for denying the complaint on summary judgment grounds.

Accordingly, it is hereby ordered that:

1. The motion for reconsideration and the motion for leave to file an amended complaint (ECF 11) is DENIED; and
2. The Clerk SHALL SEND copies of this Memorandum and Order to counsel of record.

___3/5/19___  
Date

___CCB___  
Catherine C. Blake  
United States District Judge